Nichols, Appellant, *v.* Registrar of San Juan, Respondent.

## Appeal from a Decision of the Registrar of Property Refusing to Record the Cancelation of a Mortgage.

### No. 538.—Decided December 19, 1922.

Record of Title—Mortgage—Cancelation of Mortgage—Promissory Note— Indorsements — Conjugal Partnership—Consent of Wife.—In order to cancel a mortgage created to secure a promissory note, which was thereafter transferred by indorsement, it is not necessary that the transfer of the obligation should be first recorded, and the registrar need not inquire into the nature of the transfer, if the debt has been duly paid. The payee being a married man, as the representative of the conjugal partnership he may indorse the note without the consent of his wife and that indorsement is an absolute transfer of the mortgage lien, leaving the debtor bound only to the indorsee so that when the debt is paid to the holder the debtor is entitled to the cancelation of the mortgage.

The facts are stated in the opinion.

*Mr. S. Suau* for the appellant.

The respondent appeared by brief.

Mr. Justice Wolf delivered the opinion of the court.

Norval P. Nichols, against whose property a mortgage was recorded, is seeking to cancel the mortgage. The debtor and his wife originally made three promissory notes secured by the said mortgage. The notes were made in favor of E. L. Mudge, who endorsed them to the American Colonial Bank in whose possession they were paid. The objection to the cancellation is that E. L. Mudge is married and that the consent of Mrs. Mudge to the endorsement does not appear. The registrar invokes sections 159, 1328, and other sections of the Civil Code.

Section 153 of the Mortgage Law provides:

"Sec. 153.—In a mortgage constituted to secure obligations transferable by indorsement or documents payable to bearer, when the mortgage interest is conveyed or assigned, it shall be understood that the latter is conveyed, together with the obligation or document, without the necessity of the debtor being advised thereof or the transfer being recorded in the registry."

This section plainly makes unnecessary the record of the

transfer of the secured obligation.  This being so, it would ·seem to follow that the registrar need not inquire into the nature of the transfer provided that the debt has been duly cancelled.  E. L. Mudge as representative of the conjugal society had a clear right to transfer or indorse the notes to the American Colonial Bank.  The latter obtained a full title to the said notes.  The debtor was bound to pay the notes to the owner and holder thereof and to no one else. The debt being paid, the debtor was entitled to the cancel· lation.  To hold otherwise is to destroy not only the spirit but, we think, the letter of section 153 of the Mortgage Law, *supra*.  Its evident purpose was to favor the negotiability of promissory notes and the like even when secured by mort· gage.  See Morell, Commentaries on the Mortgage Law, Vol. IV, p. 251.  Mrs. Mudge is completely prevented from com· plaining of the acts of her husband and any supposed right in her is highly· academic in view of the right of the debtor.

The note must be reversed and the cancellation made.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.